OPINION OF THE COURT
Irving S. Aronin, J.
Petitioner in this article 78 proceeding, a recipient of AFDC benefits since her husband’s disability, seeks, inter alla, to set aside a recoupment of excess benefits ordered by respondent because of petitioner’s alleged withholding of information concerning her assets and resources. An interim order herein granted petitioner leave to proceed as a poor person.
Petitioner’s husband had applied for disability insurance benefits. On January 26, 1979, the Social Security Administration informed Mr. and Mrs. Domino that monthly benefits of $214.40 had been approved for him as well as $35.80 for her as the spouse of a disabled insured person. At about the same time they received checks for five months’ benefits (retroactive to August, 1978), of $1,251 and $179, respectively. That sum of *931 $1,430 was spent almost immediately and on February 5, 1979, petitioner reported to the local agency the receipt of the $1,430 and its having been spent for various necessaries and the repayment of debts. On March 1, 1979, the local agency gave petitioner notice of its intent to reduce her grant (1) to take into account the monthly benefits being received from the Social Security Administration and (2) to recoup the excess funds represented by the retroactive benefit payments. The fair hearing requested by petitioner was held on September 25, 1979, and respondent’s decision dated November 20, 1979, corrected petitioner’s shelter grant, not at issue here, and affirmed the recoupment ordered by the local agency.
The question before the court is the proper basis for recoupment. Recoupment of overpaid assistance is provided for by 18 NYCRR 352.31 (d). Insofar as pertinent here, paragraph (1) (ii) provides recoupment "shall not be required unless the recipient has currently available income or resources”, whereas paragraph (2) provides "Where overpayments were occasioned or caused by a recipient’s willful withholding of information * * * recoupment * * * shall be made irrespective of current income and resources.” However, paragraph (3) provides recoupment may be had under paragraph (2) only if a recipient fails to report changes in income, resources and other circumstances which may affect the amount of public assistance "within 10 days after each change”.
Respondent determined that petitioner’s willful withholding of information that Social Security benefits were being received and the amount thereof resulted in petitioner’s receiving payments to which she was not entitled. However, the assistance payments received in the months of August, 1978, to December 1978, inclusive, were correct when they were received. It was the late payment of the Social Security benefits for those months (in January, 1979) that created the overpayments in assistance, not any action, omission or concealment on the part of petitioner. It was the payment of those benefits that converted the licit to the illicit. There is thus no basis in fact for respondent’s determination.
Moreover, the reporting requirement contained in paragraph (3), which is a prerequisite to respondent’s proceeding under paragraph (2), has been complied with. The Social Security Administration’s notice was dated January 26, 1979 and petitioner reported those facts to the local agency on February 5, 1979. Whatever reservations the court may have *932 as to the speed with which the $1,430 was spent, the petitioner did report within 10 days after the change and there is thus no basis in law for the respondent’s determination.
Since there is no basis either in fact or in law for respondent’s proceeding under paragraph (2), that determination is arbitrary and capricious and cannot stand. The petition is therefore granted to the extent of remanding this matter to respondent for further proceedings not inconsistent herewith.